UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD NAGEL, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-100-HAB-SLC |
| NOBLE COUNTY SHERIFF, | |
| Defendant. | |

OPINION AND ORDER

Richard Nagel was a prisoner in the Noble County Jail when a lawyer filed this case for him in State court. ECF 1-6 at 1. The Noble County Sheriff removed the case to this court. ECF 1. Later, plaintiff's counsel withdrew and Nagel is now proceeding without counsel. ECF 24. Under 28 U.S.C. § 1915A(a), the court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." In this order, the court now reviews the complaint.

The complaint alleges Nagel was attacked by a fellow inmate in March 2022 and again by a different inmate in July 2022. The only named defendant is the Noble County Sheriff in his official capacity. He is sued under 42 U.S.C. § 1983. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, the complaint asserts the Noble County Sheriff is liable "pursuant to the doctrine of respondeat superior." ECF 3

at 1. This allegation does not state a claim because there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

The complaint also alleges the Noble County Sheriff "failed to adequately train and/or supervise his employees at the Noble County Jail." ECF 3 at 1. Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), a failure to train claim can be brought against a sheriff based on a policy, practice, or custom.

> But the path to *Monell* liability based on inaction is steeper because, unlike in a case of affirmative municipal action, a failure to do something could be inadvertent and the connection between inaction and a resulting injury is more tenuous. For these reasons, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."

*J.K.J. v. Polk Cty.*, 960 F.3d 367, 378 (7th Cir. 2020) (en banc), *quoting Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 405 (1997). "*Monell* liability is difficult to establish precisely because of the care the law has taken to avoid holding a municipality responsible for an employee's misconduct. A primary guardrail is the threshold requirement of a plaintiff showing that a municipal policy or custom caused the constitutional injury." *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (en banc).

Here, the complaint does not plausibly allege facts showing a failure to train or supervise. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a federal claim for which relief can be granted. The complaint also raises State law claims, but "[o]rdinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)." *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010). Such is the case here. Without any federal claims, remand is appropriate in this case.

If Nagel only wants to pursue his State claims, he can do so because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009). To proceed with his State claims, Nagel need only file a Notice with the clerk saying he wants to proceed on his State claims. Alternatively, if Nagel believes he has a federal claim, he can file an amended complaint based on (and consistent with) the events described in the original complaint because "[t]he usual

3

standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

For these reasons, the court:

(1) DISMISSES the federal claims;

(2) GRANTS Richard Nagel until **April 15, 2024**, to EITHER file an amended complaint OR a Notice saying he wants to proceed with his State claims; and

(3) CAUTIONS Richard Nagel if he does not respond by the deadline, this case will be remanded to State court.

SO ORDERED on March 12, 2024.

                                                       s/ Holly A. Brady
                                                       CHIEF JUDGE
                                                       UNITED STATES DISTRICT COURT